IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

ELECTRONICALLY FILED
Sep 28 2018
U.S. DISTRICT COURT
Northern District of WV

JOHN KNOTTS,

  Plaintiff,

v.           CIVIL ACTION NO. 1:18-CV-185 (Keeley)

YORBA CAPITAL MANAGEMENT LLC
and DANIEL PORTILLA,

  Defendants.

## COMPLAINT

### Parties, Jurisdiction, and Venue

1. Plaintiff John Knotts ("Knotts") is a citizen and resident of Tunnelton, Preston County, West Virginia, and a natural person who is obligated or allegedly obligated to pay a debt, and therefore is a "consumer" under 15 U.S.C. § 1692a(3).

2. Defendant Yorba Capital Management LLC ("YCM") is a limited-liability company formed in California and not authorized to do business in West Virginia.

3. Defendant Daniel Portilla is a citizen and resident of Santa Ana, Orange

County, California.

4. Knotts brings this action to recover for Defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 e*t seq.*, in attempting to collect a consumer debt from him.

5. Jurisdiction is proper with this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

6. Venue is proper with this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the action occurred in this judicial district.

**Facts**

7. YCM is a debt buyer, who purchases accounts with an unpaid balance where consumers have gone at least 180 days without making a payment or have paid less than the minimum monthly payment.

8. YCM is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

9. Portilla is identified in the California Secretary of State's records as YCM's

       manager and, upon information and belief, is a principal of YCM.

10. Portilla is a person who uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

11. At some point before April 27, 2018, YCM contacted Knotts by telephone in an effort to collect a balance of $2,341.20 that he allegedly owed to Wal-Mart.

12. Knotts' alleged balance due is for a monetary obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" under 15 U.S.C. § 1692a(5).

13. YCM's representative asked Knotts if he had a credit card he could use to make a payment or pay the balance, but Knotts declined.

14. On April 27, 2018, by correspondence on its letterhead, YCM mailed a collection letter entitled "LITIGATION NOTICE" over the typewritten name and signature of Don Sterling, Legal Administrator, to Knotts demanding payment of a debt in the amount of $2,341.20. A copy of the letter is attached as Exhibit A.

15. Knotts received the letter at his residence in Tunnelton, Preston County, West Virginia.

16. YCM's letter to Knotts threatened that "a recommendation to file a lawsuit to collect this debt may be the next step resulting in a judgment entered against [him]."

17. The letter stated that "A judgment is a serious legal matter and several methods to collect a judgment are available to us. These methods include:
    - A wage garnishment against you, your spouse, or your domestic partner (if against the spouse or domestic partner a court order is required);
    - Levy on your bank accounts or safe deposit box;
    - Placement of liens on real property or personal property; and
    - Suspension of your real estate, contractor, or driver's license under certain circumstances."

18. YCM's letter also stated that "Any of the methods mention [*sic*] above can be used to enforce a judgment until the total amount is paid. Also, you will be required to pay Yorba Capital Management a 10% interest on the unpaid balance of this judgment plus any attorney fees, court costs, and processing fees."

19. The letter also stated that "Keep in mind, a judgment is valid and

enforceable for 10 years and can be renewed for an additional 10-year time period."

20. Finally, the letter advised Knotts that "If you want to avoid any further legal action, you need to contact our office within 10 days of this notice; otherwise, we will assume you do not intend to pay this debt and litigation will be commenced immediately[,]" and closed with "Govern yourself accordingly."

**Count I**
**Violations of FDCPA by Defendants**

21. Knotts incorporates paragraphs 1 through 20 by reference hereto as if set forth verbatim hereinafter.

22. Knotts has never had a credit or any other type of account with either Defendant, has never entered into any type of agreement with either Defendant, and denies that he owes any amount to either Defendant.

23. Upon information and belief, Defendants cannot establish that Knotts owes the alleged debt or that they own the alleged debt, nor are Defendants likely to have evidentiary support for their allegations after a reasonable opportunity for investigation or discovery.

24. Defendants violated 15 U.S.C. § 1692e by misrepresenting the character, amount, or legal status of an alleged debt because Defendants failed to

produce any statement or other document reflecting any debt that Knotts allegedly owes.

25. Defendants violated 15 U.S.C. § 1692e(4) by making false or misleading representations or implications that nonpayment of Knotts' alleged debt will result in a wage garnishment against him or his spouse or domestic partner; that they will levy his bank account or contents of his safe deposit box; place liens on his real property or personal property; and suspend his real estate, contractor, or driver's license under certain circumstances, when Defendants have not established that such actions are lawful and they intend to take such actions.

26. Defendants violated 15 U.S.C § 1692e(5) by making the false or misleading representation or implication that any of the methods mentioned in the letter can be used to enforce a judgment until the total amount owed is paid, which represents a threat to take action that cannot legally be taken or that is not intended to be taken.

27. Defendants violated 15 U.S.C. § 1692e(10) by stating in their letter "YORBA CAPITAL MANAGEMENT VS. JOHN KNOTTS," "Case No. KL0075458," and "Amount Owed: $2,341.20," which are false or deceptive because no lawsuit bearing that style or caption or case number has been filed against Knotts and Defendants have not obtained any judgment or other recovery

against him in that amount.

28. Defendants violated 15 U.S.C. § 1692e(13) by making the false or misleading representation or implication that the letter is legal process when it is not, by stating that if Knotts wants to avoid "further legal action," he needs to contact them within ten days of this notice, otherwise they will assume he does not intend to pay the debt and they will commence litigation immediately.

29. Defendants violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt because Defendants attempted to collect amounts not authorized by the agreement creating the alleged debt or permitted by law without producing any agreement or other document showing their right to collect those amounts.

30. Defendants violated 15 U.S.C. § 1692f(1) by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt because Defendants informed Knotts that he will be required to pay YCM ten percent interest on the unpaid balance of the judgment plus any attorney fees, court costs, and processing fees, even though Defendants have failed to demonstrate that such amounts are authorized by the agreement creating the alleged debt or permitted by law.

31. Defendants violated 15 U.S.C. § 1692g(a)(2) because their letter fails to state the name of the creditor to whom Knotts owes his alleged debt.

32. Defendants violated 15 U.S.C. § 1692g(a)(3) because their letter fails to state that unless Knotts, within 30 days after receipt of the letter, disputes the validity of the debt, or any portion thereof, they will assume the debt to be valid.

33. Defendants violated 15 U.S.C. § 1692g(a)(4) because their letter fails to state that if Knotts notifies them in writing within the 30-day period that he disputes the debt, or any portion thereof, they will obtain verification of the debt or a copy of the judgment against him and mail a copy of the verification or judgment to him.

34. Defendants violated 15 U.S.C. § 1692g(a)(5) because their letter fails to state that, upon Knotts' written request within the 30-day period, they will provide him with the name and address of the original creditor, if different from the current creditor.

35. As a direct and proximate result of every violation of the FDCPA committed by Defendants, Knotts is entitled to actual damages under 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1,000 for each violation under 15 U.S.C. 1692k(a)(2)(A); and attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from all Defendants.

**WHEREFORE**, Plaintiff John Knotts prays that this Honorable Court enter judgment on his behalf against Defendants Yorba Capital Management, LLC and Daniel Portilla, jointly and severally, as follows:

(1)   An award of actual damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(1) against Defendants Yorba Capital Management, LLC and Daniel Portilla, and for the benefit of Plaintiff John Knotts;

(2)   An award of statutory damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(2)(a) against Defendants Yorba Capital Management, LLC and Daniel Portilla, and for the benefit of Plaintiff John Knotts;

(3)   An award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) against Defendants Yorba Capital Management, LLC and Daniel Portilla, and for the benefit of Plaintiff John Knotts; and

(4)   Any other relief this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff John Knotts demands a trial by jury.

                                                **JOHN KNOTTS**
                                                **By Counsel**

/s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (WV State Bar No. 2519)
Law Offices of Jeffrey V. Mehalic
364 Patteson Drive, No. 228
Morgantown, WV 26505-3202
(304) 346-3462
*Counsel for Plaintiff John Knotts*